US v. Jiminez                                    CR-99-131-M     02/16/01
                        UNITED STATES DISTRICT COURT

                         DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                    Criminal No. 99-131-1-M
                                              Opinion No. 2001 DNH 034
Pedro Jiminez,
        Defendant


                              **O R D E R**


        Motions to exceed fee limits established by the Criminal

Justice Act often require competing valid interests to be

balanced.  This is such a case.

        Attorney Pendleton provided excellent representation in this

case - well above the norm.  He obviously worked hard in

negotiating a plea and preparing for sentencing, to include

drafting a quality legal memorandum and obtaining and presenting

relevant expert and other evidence.  His client suffered from

mental disadvantages and no doubt required more than the usual

amount of attention and time.  And, counsel's efforts proved to

be of practical value to his client.  All of which militate in

favor of approving full compensation at the prescribed hourly rate for all hours worked.

On the other hand, Congress and the courts have made clear that the purpose of the CJA is not to provide full compensation for panel attorneys who volunteer to provide indigent defendants with legal representation. See e.g., United States v. Carnevale, 624 F.Supp. 381 (D.R.I. 1985). The controlling issue in resolving an excess fee application is not whether counsel did the work claimed, whether the work was reasonably necessary, or whether he or she performed admirably. Rather, the issue is whether the representation was so "complex or extended," within the meaning of the Act, such that fees in excess of the limits established by Congress should be approved and certified to the Chief Judge of the Court of Appeals, to insure "fair" compensation. 18 U.S.C. § 3006A(d)(2). In determining "fair" (not full) compensation, a court must consider such factors as the character and complexity of the work, the responsibilities involved, the nature of counsel's practice and imposition on it, any extraordinary circumstances like time pressure or voluminous

discovery, and the productivity or efficiency of the representation.  United States v. Carnevale, supra.

"The burden rests with the applicant to 'provide sufficient details to support the premises that the representation was indeed extended or complex and that the excess is essential to fairness of the remuneration.'"  Id., at 385 (citations omitted).  This case was modestly complicated by defendant's mental capacity issues, but otherwise was fairly straight-forward as drug prosecutions go.  There were no extraordinary time pressures, or particularly voluminous discovery to master, and, while counsel can only be applauded for identifying and carefully developing every potentially relevant issue, a substantial portion of that work was not critical to the favorable result obtained.  This is more like a standard case very well handled, than a complex or extended case that required unusual or extraordinary effort.

However, some amount in excess of the limit is warranted, due to the modest complexities and extended time requirements occasioned by defendant's mental functioning problems, and counsel's having to perform extensive investigative and preparatory work to develop a viable diminished mental capacity

(and related grounds) claim and prepare a credible departure argument. An accurate adjustment of the excess fee application cannot be made with precision, and some subjectivity necessarily colors every assessment of what is required to insure fairness. But, taking the case and representation provided into account, along with the factors discussed above, I find that a total fee in the amount of $6,700, plus expenses as claimed, will provide fair compensation, and that fees in excess of the CJA limit necessary to reach that amount should be and are hereby approved and certified to the Chief Judge of the Court of Appeals. 18 U.S.C. § 3006A(d)(2). Defendant's motion to exceed (document no. 24) is granted in part and denied in part.

Again, that counsel provided first rate legal representation in this case is to his personal and professional credit. This ruling, approving only part of the requested payment, is by no means critical of that admirable effort, but merely reflects that the Act's prerequisites for approval of excess fees cannot be met for the balance.

4

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 16, 2001

cc:  John T. Pendleton, Esq.